IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA BYER<br>412 Biddle Ave., Apt. 1<br>Pittsburgh, PA 15221<br><br>       **Plaintiff**<br><br>  v.<br><br>**UNITED STATES OF AMERICA**<br><br>       **Defendant** | CIVIL ACTION<br>NO. 2:21-695<br><br><br><br>MEDICAL PROFESSIONAL<br>LIABILITY ACTION<br><br>CIVIL ACTION COMPLAINT |

**COMPLAINT**

Plaintiff, Vanessa Byer, files this complaint against the United States of America and alleges as follows:

**JURISDICTION AND VENUE**

1. This case sounding in medical malpractice involves a claim for personal injury brought against the United States of America under Section (b)(1) of the Federal Tort Claims Act (FTCA), 42 U.S.C. § 1346. Jurisdiction is based on 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1346, et seq. (FTCA litigation), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district.

3. On October 29, 2020, the United States Department of Justice – Tort Branch – Civil Division, Federal Tort Claims Act Section, 175 N ST NE, 11th Floor, Washington, D.C. 20202, received, via Federal Express, Plaintiffs' "notice of a claim for damage, injury, or death" via Standard Form 95. A copy of Plaintiff's correspondence with completed Standard Form 95 is attached hereto as **Exhibit "A."** A copy of the Federal Express shipping label and

confirmation of delivery are attached hereto as **Exhibit "B."**

4. On or about January 20, 2021, in response to Plaintiff's administrative tort claim, via US mail, Plaintiff received correspondence dated January 13, 2021 from the Office of General Counsel on behalf of the United States Department of Health and Human Services ("DHHS"), requesting a copy of Plaintiff's medical records, imaging studies, and itemized bills in this matter. A copy of the January 13, 2021 correspondence to Plaintiff is attached hereto as **Exhibit "C."**

5. On January 22, 2021, Plaintiff electronically forwarded, and DHHS received, the requested materials. A copy of the cover letter with email from Plaintiff to DHHS, and confirmation of receipt by DHHS, are attached hereto as **Exhibit "D."**

6. On or about May 5, 2021, Plaintiff received correspondence from DHHS denying Plaintiff's administrative tort claim. A copy of the DHHS denial letter is attached hereto as **Exhibit "E."**

7. Given Defendant's denial of this administrative claim, pursuant to 28 U.S.C. § 2401(b), Plaintiff is now permitted to file these claims.

## THE PARTIES

8. Plaintiff, Vanessa Byer, is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 412 Biddle Avenue, Apartment 1, Pittsburgh, Pennsylvania 15221.

9. Defendant, United States of America d/b/a Metro Community Health Center, (hereinafter "MCHC"), is a state-chartered health care facility. MCHC is a Health Center Program grantee under 42 U.S.C. 254b and a deemed Public Health Service Employee under 42 U.S.C. 233(g)-(n). MCHC is a state agency within the meaning of 28 U.S.C. § 2674. MCHC maintains its principal place of business at 1789 S. Braddock Avenue, Suite 410, Pittsburgh,

Pennsylvania 15218.  MCHC includes David R. Freeman, M.D. ["Dr. Freeman"], as well as other employees, actual agents, apparent agents, ostensible agents, workmen, and servants.  As more fully set forth herein, the claim asserted against this Defendant is for the professional negligence of its employees, actual agents, apparent agents, ostensible agents, workmen, and/or servants, including Dr. Freeman.

10. At all times relevant hereto, Dr. Freeman acted in the capacity of Vanessa Byer's treating physician and was the actual, apparent or ostensible agent, servant, and/or employee of Defendant, United States of America.  Dr. Freeman's medical care and treatment of Vanessa Byer was within the scope of his agency, master-servant and/or employment relationship with Defendant, United States of America.  A Certificate of Merit as to Defendant, United States of America, is attached hereto as **Exhibit "F."**

## OPERATIVE FACTS

11. Vanessa Byer was born on October 9, 1981.

12. On May 20, 2016, at 34 years of age, Vanessa Byer presented to MCHC for a routine annual physical examination performed by Dr. Freeman.

13. On May 20, 2016, Dr. Freeman documented finding a mass in the hard and soft palates of Vanessa Byer's mouth.

14. On May 20, 2016, Dr. Freeman identified [incorrectly] the mass in the hard and soft palate of Vanessa Byer's mouth as a Torus.

15. On May 20, 2016, Dr. Freeman advised Vanessa Byer that she had a normal exam with a Torus that was of no concern.

16. On May 22, 2017, Vanessa Byer presented to MCHC for her next routine annual physical examination, again performed by Dr. Freeman.

17. On May 22, 2017, Dr. Freeman again identified [incorrectly] the mass in the hard and soft palate of Vanessa Byer's mouth as a Torus of no concern.

18. On October 22, 2018, Vanessa Byer presented to MCHC complaining of nasal congestion, sinus pressure, and runny nose and eyes, for which she was evaluated by Shara Tabb, CRNP, under the supervision of Dr. Freeman.

19. On October 22, 2018, Shara Tabb, CRNP, under the supervision of Dr. Freeman, diagnosed Vanessa Byer with an injected throat, enlarged tonsils, and sinusitis, for which these medical providers prescribed an antibiotic and did not recommend further evaluation or follow up.

20. On March 13, 2019, now 37 years of age, Vanessa Byer presented to a dentist, David Blinky, DDS ["Dr. Blinky"], for complaints related to her mouth and associated pain.

21. On March 13, 2019, Dr. Blinky found a 3 x 7cm mass covering Vanessa Byer's hard and soft palates and extending back to her pharynx.

22. On March 13, 2019, suspicious that this mass represented a cancerous tumor of Vanessa Byer's hard and soft palates, Dr. Blinky immediately referred her to Robert Ferris, MD, an otolaryngologist [ENT], and William Chung, DDS, MD, an oral surgeon.

23. On March 15, 2019, Dr. Ferris performed a biopsy of the mass in the roof of Vanessa Byer's mouth.

24. On March 16, 2019, a CT scan of Vanessa Byer's head and neck revealed a large invasive tumor involving her maxillary sinuses and nasal cavities, with invasion of the bone and metastasis to the lymph nodes in her neck.

25. On or about March 16, 2019, the pathology from Vanessa Byer's biopsy revealed adenocarcinoma of the palate, staged as IVA cancer.

26. On May 6, 2019, Vanessa Byer underwent an embolization procedure to reduce the vascular supply to her head and neck tumor prior to surgery to remove that tumor.

27. On May 7, 2019, in an effort to remove all the cancerous tumor and involved bone in Vanessa Byer's face and neck, she underwent multiple extensive and disfiguring surgical procedures, including removal of both maxillary bones and part of the right mandible (jaw).

28. On May 7, 2019, given Vanessa Byer's extensive and disfiguring facial surgery, she underwent placement of a tracheostomy so that she could breathe through her neck.

29. On May 7, 2019, given Vanessa Byer's disfiguring facial surgery and inability to eat through her mouth, she had a PEG (gastrostomy) tube placed into her stomach so that she could be fed.

30. On May 14, 2019, Vanessa Byer underwent additional surgery performed by multiple surgical teams over many hours, consisting of three-stages, which included removing additional tissue margins at risk of cancer with extensive facial reconstruction.

31. Vanessa Byer subsequently underwent six weeks of daily radiation therapy to her head and neck that resulted in significant complications for which she was hospitalized, including dehydration and malnutrition.

32. As of today, Vanessa Byer's face is severely disfigured, she suffers non-remitting pain and neuropathies for which she is on multiple narcotics, and she continues to be monitored for signs of recurrence and metastatic cancer.

33. As of today, Vanessa Byer has difficulty chewing and swallowing, all of her food needs to be pureed, she cannot swallow pills, and she still has a PEG tube inserted in her stomach to assist with oral intake, nutrition, and medication.

34. As of today, Vanessa Byer has difficulty speaking and can no longer sing, which was a significant part of her life and vocation.

35. As a direct and proximate result of Defendant's conduct, Vanessa Byer was caused to suffer:

 a. Delay in diagnosis and treatment of adenocarcinoma of the hard palate;

 b. Metastatic adenocarcinoma of the hard palate;

 c. The loss of treatment options for earlier stage adenocarcinoma of the hard palate;

 d. The loss of treatment options for adenocarcinoma of the hard palate prior to metastasis;

 e. Loss of opportunity for cure;

 f. Increased risk of recurrent cancer;

 g. Reduced probability of long-term survival;

 h. Reduced life expectancy;

 i. Dysphagia;

 j. Dysarthria;

 k. Malnutrition;

 l. Scurvy;

 m. Narcotic addiction;

 n. Wound infections;

 o. The need for extensive disfiguring surgical procedures;

 p. Extensive radiation therapy and the attendant side effects to such treatment;

q. The need for extensive rehabilitation and therapy;

r. All invasive procedures as set forth in Vanessa Byer's medical records;

s. Depression;

t. Anxiety;

u. Disfigurement;

v. Past and future medical expenses;

w. Past and future physical pain and suffering;

x. Past and future mental anguish;

y. Past and future embarrassment;

z. Past and future humiliation;

aa. Past and future loss of life's pleasures;

bb. Past and future loss of earnings and earning capacity;

cc. Economic and financial damages; and,

dd. All injuries and damages set forth in Vanessa Byer's medical records.

36. Defendant's conduct was a substantial factor in causing the injuries and damages sustained by Vanessa Byer, as set forth above.

37. Defendant's conduct increased the risk of harm to Vanessa Byer and increased the risk that she would suffer the injuries and damages as set forth above.

38. The injuries to Vanessa Byer, as described herein, were caused solely and wholly by reason of Defendant's negligence and were not caused or contributed thereto by any action or inaction of Plaintiff, Vanessa Byer.

39. As a direct and proximate cause of the negligent treatment provided by Defendant, its agents, servants and/or employees as set forth in this Complaint, Vanessa Byer claims the full measure of damages allowable under Pennsylvania law.

## COUNT I – NEGLIGENCE
### PLAINTIFF v. UNITED STATES OF AMERICA

40. The preceding paragraphs of this Complaint are fully incorporated by reference as though fully set forth herein.

41. The negligent acts and omissions of The United States of America, by and through it employees, servants, actual agents, apparent agents, ostensible agents, and/or workmen, including specifically Dr. Freeman, in his medical management, care, and treatment of Vanessa Byer, as set forth in the predicate facts stated above, consisted of one or more of the following:

    a) On May 20, 2016 and May 22, 2017, failing to appropriately evaluate the lesion on the roof Vanessa Byer's mouth;

    b) On May 20, 2016 and May 22, 2017, incorrectly identifying the lesion on the roof of Vanessa Byer's mouth as a torus;

    c) On May 20, 2016 and May 22, 2017, incorrectly advising Vanessa Byer that the lesion on the roof of her mouth was a torus, was of no concern, and no additional evaluation or testing was needed;

    d) On May 20, 2016 and May 22, 2017, incorrectly advising Vanessa Byer that she had a normal head and neck exam;

    e) On May 20, 2016 and May 22, 2017, failing to consult and/or refer Vanessa Byer to a dentist or an otolaryngologist to evaluate the lesion on the roof of her mouth;

f) On May 20, 2016 and May 22, 2017, failing to order additional tests or radiologic imaging to evaluate the lesion on the roof of Vanessa Byer's mouth;

g) On May 22, 2017, failing to adequately assess and appreciate that the lesion on the roof of Vanessa Byer's mouth had increased in size;

h) Failing to know, appreciate or learn that a torus involves the hard palate, not the soft palate;

i) Failing to know or recognize that because the lesion on the roof of Vanessa Byer's mouth involved the soft palate, it was not a torus;

j) Failing to timely refer Vanessa Byer to an appropriate specialist for evaluation and treatment of the lesion in Vanessa Byer's mouth;

k) Failing to appropriately research "torus" before incorrectly diagnosing Vanessa Byer with a torus;

l) Making a diagnosis of a torus absent sufficient medical knowledge, training and experience to make this diagnosis;

m) On October 22, 2018, failing to appropriately and adequately examine the roof of Vanessa Byer's mouth;

n) On October 22, 2018, incorrectly assuming the lesion on the roof of Vanessa Byer's mouth was a torus;

o) On October 22, 2018, failing to appropriately evaluate Vanessa Byer given her clinical presentation and history of a lesion on the roof of her mouth;

p) On October 22, 2018, failing to consult and/or refer Vanessa Byer to a dentist or an otolaryngologist to evaluate the lesion on the roof of her mouth.

42. The negligence of Defendant, United States of America, as set forth herein, was a substantial contributing factor causing the injuries and damages suffered by Vanessa Byer.

43. The negligence of Defendant, United States of America, as set forth herein, increased the risk of harm to Vanessa Byer.

44. As a direct and proximate result of the negligence and carelessness of Defendant, United States of America, Vanessa Byer suffered catastrophic injuries and damages as set forth above.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

Date:  5/21/21            BY:  _____
THOMAS R. KLINE, ESQUIRE
DOMINIC C. GUERRINI, ESQUIRE
MARK S. POLIN, ESQUIRE
Attorneys for Plaintiff